Southern Automobile Co. *v.* Holifield.*

(Division A. Jan. 24, 1927.)

[111 So. 96. No. 26191.]

1. Infants. *Infancy as defense to enforcement of contract may be availed of only by infant himself, his heirs or legal representatives.*

Infancy as defense to enforcement of contract is a privilege that can be availed of only by infant himself, his heirs or legal representatives.

2. Parent and Child. *Father, by retaining automobile purchased by minor son, ratified contract.*

Father, by retaining automobile purchased by minor son, giving in part payment therefor an automobile belonging to father, *held to have ratified contract.*

---

*Corpus Juris-Cyc. References: Infants, 31 C. J., p. 1001, n. 35, 36. Parent and Child, 29 Cyc., p. 1665, n. 99. On effect of approval by

parent of infant's contract, as. affecting latter's liability on, or right to disaffirm it, see annotation in 9 A. L. R. 1030; 14 R. C. L. 234; 3 R. C. L. Supp. 199; 6 R. C. L. Supp. 805.

APPEAL from circuit court of Jones county, Second district.

HON. R. S. HALL, Judge.

Action of replevin by the Southern Automobile Company against A. H. Holifield. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Welch & Cooper* and *Roy P. Noble,* for appellant.

May a person other than the minor rely upon the disability of infancy at the time of the execution of a contract? We submit that he cannot. Under the authorities the plea of infancy is a personal privilege available only to the infant. We say that appellee had no right to challenge the contract on the ground of C. R. Holifield's infancy. *Alsworth* v. *Corditz,* 31 Miss. 32. *Harvey* v. *Briggs,* 68 Miss. 60, 8 So. 274; *Smart* v. *Ryan,* 187 Ala. 396, 65 So. 828; *Patterson* v. *Lippincott,* 1 Atl. 506, 47 N. J. L. 457; *Nightingale* v. *Wellington,* 15 Mass. 272.

We have here the appellee retaining possession of a car when he has no claim on it whatsoever. He asserts that he did not authorize the trade, but says that if appellant did anything wrong, it was not getting appellee to go on the notes with his son. The minor, C. R. Holifield, has never repudiated the contract, so far as the record shows. On the other hand, appellee says that he told appellant to be patient and the boy would pay for the car. This shows no revocation. If C. R. Holifield disaffirmed the contract, he could not retain the car. Certainly, appellee could not. *Evans* v. *Morgan,* 69 Miss. 328, 12 So. 270.

So appellee here is not only given the right to disaffirm the contract, a right the infant had, but he is given a higher right than the infant, the right to retain the car. Let us look at the other proposition. Appellee says his

son without authority traded in his, the appellee's, car. He uses this as defensive to appellant's right. Assume that this is true, still we have appellee endeavoring in a replevin suit to assert equities. This court in *Meyer v. Mosler,* 64 Miss. 610, 1 So. 837, has held that this may not be done.

Appellee without one word of protest accepted the car and used it as he pleased and whenever he wanted to do so. If this does not work a ratification of his son's act, we do not see what facts can do so. Appellee had full knowledge of the facts, said nothing, and continued to exercise dominion over the car.

*Deavours & Hilbun,* for appellee.

I.   There is no ratification of the minor's contract by his father. On the other hand, when his son failed to make the payments as he promised to do, the father went to the appellant and offered to return the new car and allow the appellant to retain the one hundred dollars already paid on the new car, provided the appellant would return to him his car taken in the trade.

II.   Appellee's son was a minor at the time of the contract with appellants. But the authorities cited by appellant have no bearing here. The property of appellee was taken by appellant, knowing it to be the property of appellee, from one wholly incapable of making a contract that would bind himself or the appellee. The evidence shows that the appellant promptly disposed of appellee's car when it was obtained in the trade and that appellant made no effort whatever to ascertain if the transaction was satisfactory to appellee. On the other hand, it seemed to ignore his ownership of the car or his right or privilege to have anything to do with the disposition of it. The minor was not a party to this suit. He could not, of course, raise the question of minority. No one else could raise the question for him, be-

cause he was not a party. But when this minor without any authority to dispose of appellee's property and without capacity to contract either for himself or any one else, takes the property of appellee over his objection and disposes of it to appellant who had knowledge of the true ownership of the property, certainly it cannot be successfully contended that appellee cannot in such a case set up the incapacity of the minor. *McKean* v. *J. Matthews Apparatus Co.,* 74 Miss. 119, 20 So. 869, holds contrary to the contention of appellant.

The judgment of the lower court should be affirmed.

Argued orally by *Ellis B. Cooper,* for appellant.

Smith, C. J., delivered the opinion of the court.

This is an action of replevin in which the appellant seeks to recover from the appellee the possession of an automobile. The appellant, a dealer in automobiles, sold the automobile in question to C. H. Holifield, accepted in part payment thereof a used automobile, and Holifield executed to it his promissory notes for the remainder of the purchase price, the appellant reserving the title to the automobile until the notes should be paid. Holifield failed to pay all of the notes, and some time after the maturity thereof the appellant brought this suit in order to obtain possession of the automobile.

C. H. Holifield is a son of the appellee, was twenty years old when he purchased the automobile here in question, and the automobile that he delivered to the appellant did not belong to him, but to his father, the appellee. After he made the exchange, he took the new automobile home, turned it over to his father, the appellee, and told him what he had done. The appellee did not return the automobile to the appellant, nor advise it of any objection on his part to the trade made by his son until after the notes given by his son had matured. He then offered to return the automobile if the appellant

would give back to him the automobile his son had exchanged therefor. This the appellant declined to do; the reason given therefor being that it had sold the car to another.

The court below declined to instruct the jury to return a verdict for the appellant and to assess the value of the automobile, and instructed the jury for the appellee that, if they believed from the "evidence that the son of the defendant was a minor under the age of twenty-one years, at the time the said son signed the contract in evidence, then it is the sworn duty of the jury to return a verdict for the defendant."

Infancy as a defense to the enforcement of a contract is a privilege that can be availed of only by the infant himself, his heirs or legal representative, and the exchange of the appellee's automobile by his son with the appellant for the one here in question, though not authorized by the appellee in advance, was clearly ratified by him thereafter by his acceptance and use of the automobile here in question.

The peremptory instruction requested by the appellant should have been given.

*Reversed and remanded.*